IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01429-RM-STV

**YOUTH SEEN** and
**TARA J. SMELT**,

      Plaintiffs,

v.

**TYES INC.** and
**ALISHA D. BLACKBURN,**

      Defendants.

---

**PLAINTIFFS' MOTION FOR SUBSTITUTED
SERVICE UPON DEFENDANT TYES INC.**

---

Plaintiffs Youth Seen and Tara J. Smelt (together "Plaintiffs"), by and through undersigned counsel, file this Motion for Substituted Service on Defendant TYES Inc. ("TYES").

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiffs contacted attorney Constantine "Gus" Spheeris ("Mr. Spheeris"), who represented TYES when TYES filed complaints against Plaintiffs with the State of Colorado Charities Program and the Jefferson County District Attorney's office. Mr. Spheeris represented TYES as recently as January 20, 2021, when he attended a meeting on behalf of TYES. It is unknown whether Mr. Spheeris currently represents TYES.

Mr. Spheeris was contacted by undersigned counsel on June 9, 2021, who gave Mr. Spheeris notice of this lawsuit and inquired about whether Mr. Spheeris could waive service on behalf of TYES. Mr. Spheeris responded the same day, but did not indicate whether he had authorization to waive service and no waiver has been received.

Unprompted, Mr. Spheeris contacted undersigned counsel by email on June 28, 2021, and advised the following: "Ms. Maestas, I'm told you have made allegations against me in your complaint. Obviously I'm not able to assist in this request. You should have disclosed this before asking for my assistance. Do not contact me again regarding this matter. Gus Spheeris."

Thereafter, undersigned counsel attempted to contact TYES directly by calling and leaving a detailed voicemail message with contact information at the phone number (303-351-2044) listed as a contact number on TYES's official website, www.tyes-colorado.org. No return call has been received.

## BACKGROUND FACTS

1. Plaintiffs filed their Complaint and Jury Demand (the "Complaint") on May 26, 2021, against Defendants TYES Inc., and Alisha D. Blackburn (together, "Defendants") (Doc. 1). Thereafter, Plaintiffs set out to execute service on Defendants.

2. Alisha D. Blackburn ("Defendant Blackburn") is the former Board Chair of TYES.

3. Defendant Blackburn was personally served on June 12, 2021 (Doc. 7).

4. To date, Plaintiffs have not accomplished service on TYES pursuant to Fed. R. Civ. P. 4(c).

5.     TYES's official website, www.tyes-colorado.org, lists only a phone number as contact information, no office address is listed.

6.     TYES has no office street address and, upon information and belief, does not own, rent, or use any physical office space.

7.     On February 24, 2021, TYES filed its Periodic Report with the Colorado Secretary of State, indicating that its Registered Agent is TYES Inc. and that TYES Inc.'s principal office street address and Registered Agent's street address, are P.O. Box 812, Lafayette, Colorado 80026.  See TYES's 2021 Periodic Report, attached hereto as **Exhibit 1**. This is counter to Colorado law, which states that only an entity that has a "usual place of business in this state" can serve as its own registered agent.  See Colo. Rev. Stat. §7-90-701(2).

8.     On June 8, 2021, undersigned counsel contacted TYES via First Class U.S. Mail to request TYES waive service of the Summons.  Pursuant to Fed. R. Civ. P. 4(d), Plaintiffs' counsel mailed, via First Class Mail, two copies of each of the following: Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of Service of a Summons, Plaintiffs' Complaint, and a self-addressed stamped envelope for a TYES representative to return the signed waiver form.

9.     Pursuant to Fed. R. Civ. P. 4(d)(1)(F), Plaintiffs waited 30 days to receive the signed waiver of service.  No response has been received as of this writing.

10.    On June 9, 2021, pursuant to Fed. R. Civ. P. 4(d), undersigned counsel attempted to obtain a waiver of service by contacting attorney Constantine "Gus" Spheeris ("Mr. Spheeris"), who either currently represents, or previously represented, TYES.

11. Mr. Spheeris represented TYES as recently as January 20, 2021, in relation to complaints TYES filed with government agencies against Plaintiffs. See January 28, 2021, Memorandum, attached hereto as **Exhibit 2** (emphasis supplied). TYES's complaints against Plaintiffs, *inter alia*, form the factual basis of this lawsuit.

12. Undersigned counsel contacted Mr. Spheeris by electronic mail on June 9, 2021, to inquire about whether Mr. Spheeris had or could obtain authorization from TYES to waive service on its behalf. Attached to that correspondence were the following documents: Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of Service of a Summons, and the Complaint.

13. Mr. Spheeris responded to the June 9, 2021, email the same day, but did not indicate he had authorization to waive service or whether he remains TYES's legal representative. No signed Waiver of Service of a Summons has been received from Mr. Spheeris.

14. Seeing no other avenue to obtain a waiver of service, and as proper service pursuant to Fed. R. Civ. P. 4(c) cannot be made on an organization's Post Office Box, Plaintiffs attempted to serve TYES pursuant to Colo. Rev. Stat. § 7-90-704(2), Colorado's Service of Entities statute, which provides for proper service of entities that cannot be served personally, by serving process through registered or certified mail with return receipt requested. Undersigned counsel mailed copies of the Summons in a Civil Action, the Complaint, and this Court's May 27, 2021, Order Setting Scheduling Conference, via U.S. Registered Mail with return receipt requested, on Monday, June 23, 2021. See U.S. Postal Service receipts, attached hereto as **Exhibit 3**.

15. The package was received at the Lafayette Post Office, which holds mail for P.O. Box 812, Lafayette, Colorado, on Friday, June 25, 2021.

16. On July 13, 2021, Plaintiffs received notice from the U.S. Postal Service that the package intended for TYES had not been picked up by TYES and was being returned to undersigned counsel as "Unclaimed."  See U.S. Postal Service tracking, attached hereto as **Exhibit 4.**

## MOTION

Despite the above-referenced multiple attempts, Plaintiffs have been unable to serve TYES.  Plaintiffs therefore seek leave to serve TYES through its counsel, Mr. Spheeris.

While the federal rules are silent regarding substituted service, the deciding court's state rules control where federal rules are silent "as to a specific procedural requirement."  Two Rivers Water & Farming Co. v. Am. 2030 Capital Ltd., No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *2-3 (D. Colo. Oct. 25, 2019) (citation omitted).

Colorado's Rules of Civil Procedure provide plaintiffs with the option of substituted service when they cannot accomplish personal service.  See Colo. R. Civ. P. 4(f).  In seeking said relief, Plaintiffs must demonstrate: (1) the efforts made to obtain personal service and the reason personal service could not be obtained, (2) the identity of the person whom the party wishes to deliver the process, and (3) the contact information of the party upon whom service is to be effected.  Colo. R. Civ. P. 4(d)).

Rule 4(f) further provides that "[i]f the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under

the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective," the Court shall:

> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

See Colo. R. Civ. P. 4(f).

Here, Plaintiffs can establish they have used reasonable due diligence to serve TYES, but have been unsuccessful due to TYES's failure to identify either its usual place of business or an individual registered agent who maintains a physical address. See Exhibit 1. Plaintiffs seek leave to serve TYES through its attorney, Mr. Spheeris, who has communicated through electronic mail with Plaintiffs' counsel about this very matter.

Courts in this district have authorized substituted service under Colo. R. Civ. P. 4(f) on an attorney who represented an unserved party in other matters. See Allen, 2017 WL 3492872 at *2; Peck v. Chiddix Excavating, Inc., No. 14-cv-01344-RM-MJW, 2014 WL 4820986 at *2; State Farm Fire & Cas. Co. v. Webb, No. 18-CV-02722-WYD-NRN, 2019 WL 1296632 at *3 (D. Colo. Mar. 21, 2019) (granting the plaintiff leave to serve the defendants through their counsel in a related proceeding because "service on Mr. Killian is reasonably calculated to give actual notice to Defendant David E. Webb based on Mr. Killian's current representation of Mr. Webb"); Contrada, Inc. v. Parsley, No. 10-cv-00646-WYD-CBS, 2010 WL 2943428 at *4 (D. Colo. July 21, 2010); see also Warrender Enter., Inc. v. Merkabah Labs, LLC, 1:20-CV-00155-SKC, 2020 WL 2306856, at *2 (D. Colo. May 8, 2020).

The circumstances of this case are similar to Two Rivers Water & Farming Co., 19WL5535227, at *3.  In Two Rivers, the Court granted leave to serve a defendant by substituted service on the defendant's previous attorney, even where the attorney denied current representation of the defendant.  See id. at *3.  "Although [defendant's previous attorney] may deny current representation of Defendants, as the prior lawyer for Defendants in a matter involving this dispute, the Court expects that [the previous attorney] has a professional obligation to provide actual notice to Defendants of this substituted service."  See id. at *2.

In Contrada, Inc. v. Parsley, the court granted the plaintiff leave to serve the defendants through their counsel in a related proceeding, even after counsel denied representing the defendants, because "although [the organization's attorney] may deny current representation of Defendants, as the prior lawyer for Defendants in a matter involving this dispute, the Court expects that [the organization's former lawyer] has a professional obligation to provide actual notice to Defendants of his substituted service."  See 2010 WL 2643428 at *3 (emphasis supplied).  In Contrada, as here, counsel refused to waive service despite representing defendants in a separate, but related matter.  See id.  Indeed, while Mr. Spheeris may not represent TYES now, based on his communications with undersigned counsel, he has actual notice of this matter and has contact information for TYES beyond what is known in the general public so that actual notice can be provided to TYES.

Here, Mr. Spheeris is the appropriate person for substituted service because he has a professional obligation to provide actual notice to TYES, a client he represented as recently as January 2021 (and may still represent).  See, e.g., Two Rivers, 19WL5355237, at *3.

Importantly, Mr. Spheeris has been in contact with undersigned counsel as recently as June 28, 2021 about this matter.

Next, Plaintiffs believe U.S. Mail and electronic mail are appropriate alternative methods of service because undersigned counsel and Mr. Spheeris have corresponded using this method of communication. Further, Mr. Spheeris's business, JSP Law & Advisory, maintains no physical office address for personal service, Mr. Spheeris has no physical address on file with the Colorado Supreme Court's Office of Attorney Regulation, and Mr. Spheeris's email signature is also devoid of any physical or mailing address, making personal service on him burdensome. Means of service beyond U.S. Mail and electronic mail would be unduly burdensome because it would further extend the time it has taken for TYES to be served, causing additional delay and would be unlikely to yield successful results.

Given Plaintiffs' diligent – yet unsuccessful – efforts to serve TYES, Plaintiffs request an order under Rule 4(f) for substituted service of TYES through Mr. Spheeris, as substituted service is both warranted here and reasonably calculated to give TYES actual notice of the lawsuit and its duty to respond.

Plaintiffs therefore request the Court order that the following shall constitute good service under Fed. R. Civ. P. 4(e)(1) and Colo. R. Civ. P. 4(e) and (f):

   1. Mr. Spheeris shall be served with the Summons and Complaint and a copy of this Court's Order on this Motion, via electronic mail within 48 hours of the Court's Order;

   2. Plaintiffs shall send the Summons, Complaint, and copy of the Court's Order via U.S. Mail to Mr. Spheeris's address as listed on the Colorado Supreme Court's Attorney Search page, P.O. Box 4112, Boulder, Colorado 80306, within two (2) business days after the Order is signed;

   3. Plaintiffs shall send the Summons, Complaint, and copy of the Court's Order via U.S. Mail to TYES's business address, P.O. Box 812, Lafayette, Colorado 80026, within two (2) business days after the Order is signed;

   4. Plaintiffs shall submit a Return of Service to the Court upon completion of service as described here; and

   5. Service shall be deemed complete on the date of electronic delivery to Mr. Spheeris.

 WHEREFORE, Plaintiffs Youth Seen and Tara J. Smelt respectfully request that the Court enter the accompanying proposed order, which authorizes substituted service on Defendant TYES Inc. in the manner set forth above.

 Respectfully submitted this 23rd day of July 2021.

              **THE LITIGATION BOUTIQUE LLC**

              */s/ Amy M. Maestas*_____
              Leah P. VanLandschoot
              Amy M. Maestas
              1720 S. Bellaire, Suite 520
              Denver, Colorado 80222
              Telephone: 303.355.1942
              Facsimile: 303.355.2199
              Email: lvanlandschoot@thelitbot.com
              Email: amaestas@thelitbot.com
              ***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 23rd day of July, 2020, I served **PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE UPON DEFENDANT TYES INC.** via USPS First Class Mail to:

TYES Inc.
P.O. Box 812
Lafayette, Colorado 80026
*Defendant*

And via electronic mail to:

Alisha D. Blackburn
*alisha@theblackburns.net*
*Defendant*

                                                 /s/ *Christa Hamilton*
                                                 Christa Hamilton