UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01429-RM-STV

YOUTH SEEN, a Colorado non-profit corporation,
and TARA J. SMELT, an individual,

        Plaintiffs,

v.

TYES INC., a Colorado non-profit corporation,
and ALISHA D. BLACKBURN, an individual,

        Defendants.

## DEFENDANTS' MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENTS AND PROCEEDINGS

Pursuant to D.C.COLO.LCivR 7.2, TYES, Inc. ("TYES") and Alisha D. Blackburn (together, "Defendants"), through their undersigned counsel, move the Court for an Order to restrict public access to pleadings and other documents filed with the Court in this action that contain individuals' personal and private information that could cause irreparable harm as described below.

## D.C.COLO.LCIVR 7.1(A) CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1.A, Defendants' counsel certify that they have conferred with Plaintiffs' counsel in a teleconference and Plaintiffs oppose this motion. The parties are currently discussing the contents of a protective order that would protect confidential and sensitive information produced in discovery, and expect to finalize those terms soon.

However, Defendants do not believe that a protective order, standing alone, is sufficient protection of the issue identified herein.

## MOTION

By default, "the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a). However, the Court may restrict public access where "the interest to be protected . . . outweighs the presumption of public access" and where "a clearly defined and serious injury . . . would result if access is not restricted." D.C.COLO.LCivR 7.2(c)(2) and (3). D.C.COLO.LCivR 7.2(c) states in full:

> **(c) Motion to Restrict.** A motion to restrict public access shall be open to public inspection and shall:
>
> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

For the reasons provided below, the requirements of D.C.COLO.LCivR 7.2(c) are met in this case. Defendants therefore respectfully ask that the Court restrict public access to all pleadings—including the Complaint and Jury Demand that Plaintiffs filed in this action on May 26, 2021, and the Amended Complaint and Jury Demand that Plaintiffs shall file in the coming

days or weeks—and any other documents, exhibits, or attachments filed with the Court in this action. Defendants request that the Court impose "Level 1" restriction under D.C.COLO.LCivR 7.2(b), limiting access to the parties and the Court.

I.  **TYES'S INTEREST IN MAINTAINING THE PRIVACY OF ITS MEMBERS AND THEIR TRANSGENDER CHILDREN OUTWEIGHS ANY PUBLIC INTEREST IN ACCESSING COURT DOCUMENTS IN THIS CASE**

Personal privacy interests are a legitimate reason to restrict public access under D.C.COLO.LCivR 7.2. *See All Plastic, Inc. v. Samdan LLC*, No. 20-CV-01318-NYW, 2021 WL 2954769, at *1 – 2 (D. Colo. May 5, 2021) ("[A] party may overcome the presumption of public access where the records contain . . . private or personally identifiable information . . . or otherwise invade privacy interests. These principles are reflected in D.C.COLO.LCivR 7.2(a).") As the U.S. Supreme Court has recognized, "[e]very court has supervisory power over its own records and files, and [public] access has been denied where court files might have become a vehicle for improper purposes" including "to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal citations and quotations omitted). The Court thus should not allow the public disclosure of "painful" and private information when it would "promote public scandal." While not directly analogous, the Tenth Circuit has also recognized that "the privacy interest inherent in personal medical information can overcome the presumption of public access." *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015).

In this case, TYES is a largely parent-run, volunteer organization supporting transgender children and their parents. *See* TYES, Inc. Home Page (available at https://tyes-colorado.org/),

3

attached hereto as Exhibit A.  As indicated on TYES's website, the organization's members are parents of transgender children.  *Id.* at 3.  Transgender children commonly choose to live without publicly disclosing their transgender identity, oftentimes out of fear of physical harm or emotional torment from peers or others.  *See* Human Rights Campaign, Transgender Children & Youth: Understanding the Basics (available at https://www.hrc.org/resources/transgender-children-and-youth-understanding-the-basics), attached hereto as Exhibit B, at p. 5 ("Stigma, lack of knowledge and fear of rejection by family and peers often keep transgender people from coming out as children or teens.").  Indeed, transgender individuals "consistently report dramatically elevated rates of anxiety, depression, and suicidality" that "are likely the result of years of prejudice, discrimination, and stigma; conflict between one's appearance and state identity; and general rejection by people in their social environments . . . ."  Olson, Kristina R et al. "Mental Health of Transgender Children Who Are Supported in Their Identities." Pediatrics vol. 137,3 (2016): e20153223. doi:10.1542/peds.2015-3223 (available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4771131/), attached hereto as Exhibit C, at p. 2.

      Documents/pleadings/motions filed in this case that do nothing more than identify the <u>parents</u> of these children as members of TYES automatically announce to the public the transgender identify of their <u>children</u>.  In other words, if the public can identify the parents based on the information in Court documents, the public can easily identify transgender children who otherwise have not revealed, and do not want to reveal, that personal and private information.

      With that information public, the children could be subject to discrimination, physical harm, and emotional abuse from those who do not understand or accept their identity.  *See* Human Rights Campaign, Transgender Children & Youth: Understanding the Basics (available

at https://www.hrc.org/resources/transgender-children-and-youth-understanding-the-basics), attached hereto as Exhibit B, at p. 2 ("transgender youth are at greatest risk of suicide (compared to their non-transgender peers) as a result of rejection, bullying, and other victimization."); Lambda Legal, Know Your Rights, Bullying and TGNC Youth (available at https://www.lambdalegal.org/know-your-rights/article/youth-bullying-and-tgnc), attached hereto as Exhibit D, at p. 1 ("78% of respondents to the National Transgender Discrimination Survey (NTDS) reported being harassed, 35% attacked and 12% sexually assaulted."). Since 2008, Colorado's anti-discrimination law has identified transgender persons as a protected class, evidencing the legitimate risk of these harms. Moreover, the harm of public dissemination of a child's transgender identity is irreparable—once the information is in the public domain, it cannot be made private again. Of course, if this lawsuit remains public, the parents of these children would also face their own fear and emotional torment that their children might suffer based on the revelation that the parents have been involved in TYES, an organization seeking to help parents of transgender children.

While the safety and well-being of the children of TYES parents is paramount, public access would also restrict Defendants' ability to respond in this lawsuit. TYES is a Defendant in this case. It did not choose to bring this lawsuit. On the contrary, TYES has, at all times, sought to restrict public knowledge of this dispute precisely to avoid identification of the parents and children involved in the organization and putting those children at risk. TYES parents might have relevant information to this case. If their identity, including potential testimony, is subject to public scrutiny, those parents will be reluctant to provide their evidence and risk revealing their child's transgender identity. Parents should not have to choose between providing truthful

5

evidence in a court proceeding and protecting their children's safety. Restricting public access would remove this fear and prevent prejudice to Defendants' ability to litigate this case.

The public dissemination of private and personal information (the identities of transgender children) constitutes a legitimate interest to be protected under D.C.COLO.LCivR 7.2(c)(2). Transgender identity is "private or personally identifiable information" and public access would "invade privacy interests." *See All Plastic, Inc. v. Samdan LLC*, No. 20-CV-01318-NYW, 2021 WL 2954769, at *1 (D. Colo. May 5, 2021). The information is at least as private as personal medical information, and the Tenth Circuit has recognized the "inherent" privacy interest in such information. *See United States v. Dillard*, 795 F.3d 1191, 1205 – 06 (10th Cir. 2015). Furthermore, the likely physical and emotional harm that would result from the public dissemination of inherently private information constitutes a "clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2(c)(3).

Protection of this interest "outweighs the presumption of public access." D.C.COLO.LCivR 7.2(c)(2). Although the public has a general interest in the cases that come before the Court, the public has no legitimate interest in knowing the identities of TYES's parents or their children. Protecting the identity, safety, and health of transgender children must take priority.

## II. NO ALTERNATIVE TO RESTRICTION IS PRACTICABLE

There is no practicable less-restrictive alternative to restricting public access to the documents filed in this case. *See* D.C.COLO.LCivR 7.2(c)(4). Redacting all information that might identity a TYES parent or their children would not adequately protect the privacy interests at issue here. Indeed the very caption of the case contains the name of a TYES parent whose

6

child is now at significant risk simply because of the public filing of this lawsuit in the first place.

As a result, the Court can only protect the identities, the privacy, and the physical and emotional health of the minor children whose parents may be identified in the documents filed in this case by restricting public access to pleadings, motions, exhibits, and other documents that may contain information identifying parents or their children.  Given the magnitude and permanence of the risk of harm, this is the only option.

## **CONCLUSION**

Under D.C.COLO.LCivR 7.2, the Court may restrict public access where "the interest to be protected . . . outweighs the presumption of public access" and where "a clearly defined and serious injury . . . would result if access is not restricted."  For the foregoing reasons, the requirements of D.C.COLO.LCivR 7.2 are met in this case.  Defendants therefore respectfully ask that the Court enter an order to restrict public access to all filings in this case and to impose on these documents "Level 1" restriction under D.C.COLO.LCivR 7.2(b), limiting access to the parties and the Court.

Dated:  October 20, 2021.                    Respectfully submitted,


*s/ Tamera D. Westerberg*
Tamera D. Westerberg (#29859)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   westerbert@wtotrial.com

Attorneys for Defendants, TYES Inc. and Alisha D. Blackburn

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on October 20, 2021, I electronically filed the foregoing **DEFENDANTS' MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENTS AND PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Leah P. VanLandschoot**
  lvanlandschoot@thelitbot.com, christa@thelitbot.com

- **Amy M. Maestas**
  amaestas@thelitbot.com


*s/ Tamera D. Westerberg*