### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

| | |
|---|---|
| YOUTH SEEN, a Colorado non-profit corporation, and TARA J. SMELT, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TYES INC., a Colorado non-profit corporation, and ALISHA D. BLACKBURN, an individual,<br><br>    Defendants. | Case No. 1:21-cv-01429-RM-STV |

**Revised Objection to Motion to Restrict**

Eugene Volokh submits this objection to plaintiff's Motion to Restrict. "Any person may file an objection to the motion to restrict no later than three court business days after posting." D.C.COLO.LCivR 7.2(d). According to the "Recently Filed Motions to Restrict" page, http://www.cod.uscourts.gov/Seal.aspx, the motion was posted on Oct. 21, 2021, and the deadline for this objection is today, Oct. 26, 2021. Volokh apologizes for having filed an earlier objection yesterday that erroneously omitted a brief passage, which is included in this revised version (see p. 3 n.1 below).

Volokh is a professor at UCLA School of Law, and publishes a blog at the Reason Magazine site, http://reason.com/volokh, where he often writes about First Amendment matters and about open court records controversies. (He is filing this motion solely in his personal capacity, as is customary for professors, and not on behalf of UCLA.) He would be limited in writing about this case if access were restricted and some or all case documents were thus effectively sealed.

1

**1.** "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). "Judges have a responsibility to avoid secrecy in court proceedings because secret court proceedings are anathema to a free society." *Den 8888, LLC v. Navajo Express, Inc.*, No. 21-CV-00321-STV DEN, 2021 WL 463623, at *1 (D. Colo. Feb. 9, 2021) (cleaned up).

**2.** Besides this common-law right of access, there is also a First Amendment right of access to court documents in civil proceedings. There is a First Amendment right of access to criminal trials, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980) (plurality op.); *id.* at 585 (Brennan, J., concurring in the judgment), and courts have concluded that "the justifications for access to the criminal courtroom apply as well to the civil trial." *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1178 (6th Cir. 1983). "[T]he First Amendment does secure to the public and to the press a right of access to civil proceedings." *Westmoreland v. Columbia Broad. Sys. Inc.*, 752 F.2d 16, 23 (2d Cir. 1984); *see also Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). This right extends to "pretrial court records" as much as to trial proceedings. *Mokhiber v. Davis*, 537 A.2d 1100, 1119 (D.C. 1988).

The Tenth Circuit has not yet ruled on whether such a First Amendment right of access exists in civil cases, *see United States v. Pickard*, 733 F.3d 1297, 1302 n.4 (10th

Cir. 2013), but the precedents from every circuit that has passed judgment on the question support recognizing such a right.

**3.** It appears that the Defendants seek to litigate this case entirely out of public view. They "ask that the Court restrict public access to all pleadings—including the Complaint and Jury Demand that Plaintiffs filed in this action on May 26, 2021, and the Amended Complaint and Jury Demand that Plaintiffs shall file in the coming days or weeks—and any other documents, exhibits, or attachments filed with the Court in this action." Defs.' Mot. to Restrict (ECF No. 40) at 2-3. They also warn of harm "if this lawsuit remains public," *id.* at 5.

And though they later ask only that the Court "restrict[] public access to pleadings, motions, exhibits, and other documents that may contain information identifying parents or their children," *id.* at 7, that appears to include all filings, current and future. After all, they note that "the very caption of the case contains the name of a TYES parent whose child is now at significant risk simply because of the public filing of this lawsuit in the first place," *id.* at 6-7—yet all filings would contain "the very caption of the case" (at least unless the individual defendant is allowed to proceed under a pseudonym, something their motion does not seek). Such total sealing cannot be justified in our civil justice system, even in cases touching on highly private and potentially stigmatizing information about minors.[1] *See, e.g.*, *Jones v. Haga*, No. 05-CV-02268-PSF-CBS, 2006 WL 8454332, *1-*2 (D. Colo. Mar. 23, 2006) (refusing to

---

[1] The clause "even in cases touching on highly private and potentially stigmatizing information about minors" and the two following citations are the additions in this revised objection.

3

allow sealing of motion to dismiss in case involving "an alleged sexual assault on a minor," and concluding that privacy was adequately protected by the fact that the motion "refers to a minor by initials only and does not contain any personal identifying information such as address or birth date"); *In re N.B.*, 169 N.H. 265, 267, 272-73 (2016) (reversing order requiring that lawsuits related to claims of sexual abuse of a minor be filed under seal, and instead contemplating that "documents could be redacted, or initials or pseudonyms could be used").

**4.** But even if defendants seek to seal only the Complaint and future Amended Complaint, that too would be improper. "'A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann*, 814 F.3d 132, 140 (2d Cir. 2016) (quoting *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)). Whether under the common-law right of access or under the First Amendment right of access, Volokh and all other members of the public are entitled to continued access to the Complaint as well as to the other the documents in this case.

**5.** Finally, the Complaint has been available for five months in the court docket. Any attempt to seal the Complaint would thus be unsound, for the reasons given in *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, *1 (D. Colo. Jan. 12, 2016) (some citations omitted):

> The documents at issue in Defendants' motion were not filed under restriction. . . . Only [weeks later] did Defendants seek to restrict the documents. Because Defendants failed to avail themselves of the protections provided by the District's local rules in filing [the document], any claim to

confidentiality has been waived. The cat has already been let out of the bag. *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over.") . . . . After-the-fact sealing should not generally be permitted. *See id.* at 144 (". . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again.").

## Conclusion

The public has a First Amendment and common-law right to continued access the court record in this case. Volokh therefore asks that access to the file not be restricted.

Respectfully submitted,

*/s/ Eugene Volokh*

Eugene Volokh, pro se

## CERTIFICATE OF SERVICE

I certify that on October 25, 2021, I served this material by ECF on all parties.

*/s/ Eugene Volokh*

Eugene Volokh, pro se

5