UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-01429-NYW-STV

YOUTH SEEN, and
TARA J. SMELT,

    Plaintiffs,

v.

TYES, INC., and
ALISHA D. BLACKBURN,

    Defendants,

v.

REBECCA BERNER, a/k/a REBECCA DAVIDSON, and
TAYO, INC.,

    Third-Party Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak filed on July 14, 2022. [Doc. 120]. Judge Varholak recommends that: (1) Defendants' Motion to Dismiss the First Amended Complaint and Jury Demand [Doc. 61] be granted to the extent that it seeks dismissal of the federal claim; (2) the court decline to exercise supplemental jurisdiction over any state law claims; (3) Plaintiffs' Partial Motion to Dismiss Defendant Blackburn's Sixth Counterclaim [Doc. 84] be denied without prejudice; (4) Tayo, Inc.'s Motion to Dismiss Third-Party Claims [Doc. 101] be denied without prejudice; and (5) Third-Party Defendant Rebecca Berner's Motion to Dismiss Third-Party Plaintiffs' Third Claim [Doc. 102] be denied without prejudice. *See* [Doc. 120 at 28-29].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *Id*. at 28 n.10; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 14, 2022. See [*id.*]. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge Scott T. Varholak [Doc. 120] is **ADOPTED**;

(2) Defendants' Motion to Dismiss the First Amended Complaint and Jury Demand [Doc. 61] is **GRANTED** to the extent it seeks dismissal of the federal claim;

(3) Plaintiffs' Partial Motion to Dismiss Defendant Blackburn's Sixth Counterclaim [Doc. 84] is **DENIED without prejudice**;

(4) Tayo, Inc.'s Motion to Dismiss Third-Party Claims [Doc. 101] is **DENIED without**

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

  **prejudice**;

(5) Third-Party Defendant Rebecca Berner's Motion to Dismiss Third-Party Plaintiffs' Third Claim [Doc. 102] is **DENIED without prejudice**;

(6) Claims I-VI are **DISMISSED without prejudice**;

(7) On or before **August 23, 2022**, and <u>only after a robust meet and confer with the opposing Parties</u>, Plaintiffs may file a motion to amend the complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; and

(8) If Plaintiffs do not seek leave to amend their complaint by August 23, 2022, <u>this case will be terminated accordingly</u>.

DATED:  August 9, 2022       BY THE COURT:

                *Nina Y. Wang*
                Nina Y. Wang
                United States District Judge