UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-01429-NYW-STV

YOUTH SEEN, and
TARA J. SMELT,

    Plaintiffs,

v.

TYES, INC., and
ALISHA D. BLACKBURN,

    Defendants,

v.

REBECCA BERNER, a/k/a REBECCA DAVIDSON, and
TAYO, INC.,

    Third-Party Defendants.

---

## ORDER

This matter is before the Court *sua sponte*. On July 14, 2022, Magistrate Judge Varholak issued a Recommendation of United States Magistrate Judge wherein he recommended, inter alia, that Plaintiffs' claims be dismissed without prejudice. *See* [Doc. 120 at 28-29]. No Party objected to the Recommendation pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, and on August 9, 2022, this Court entered an Order Adopting Magistrate Judge's Recommendation and dismissed Plaintiffs' claims without prejudice. *See* [Doc. 122]. The Court *sua sponte* granted Plaintiffs leave to file a motion to amend their Complaint and informed Plaintiffs that if they did not seek leave to amend their Complaint by August 23, 2022, this case would be terminated. [*Id.* at 3].

Plaintiffs did not seek leave to amend their Complaint by the Court-ordered deadline. Accordingly, Plaintiffs' claims were dismissed without prejudice as of this Court's August 9, 2022 Order. Accordingly, it is **ORDERED** that:

(1) Plaintiffs' claims were dismissed without prejudice as of this Court's August 9, 2022 Order;

(2) The claims raised in Defendants' Amended Counterclaims [Doc. 80] and the Third-Party Claims [Doc. 99] are dismissed without prejudice for lack of federal subject matter jurisdiction;

(3) The Clerk of Court is **DIRECTED** to terminate this case;

(4) All Parties shall bear their own costs;[1] and

(5) A separate Judgment will enter consistent with this Order.

DATED: August 24, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[1] While costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), the district court may in its discretion decline to award costs where a "valid reason" exists for the decision. *See, e.g.*, *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (citations omitted). Given that this court declined to exercise supplemental jurisdiction under 28 U.S.C. § 1376 over the vast majority of the claims in this action and thus did not reach the merits of those claims, the court declines to award costs. *Cf. Allen v. Lang*, 738 F. App'x 934, 946 (10th Cir. 2018).